{¶ 37} I must respectfully dissent from the majority as I would conclude that it if this court adopts the principles expressed in the Restatement, the Bank waived its right to accelerate by allowing the Wallings to remain in default for no less than 66 months out of 78 months.
 {¶ 38} As an initial matter, I would note that no other Ohio court has either adopted or applied the Restatement of the Law 3d, Mortgages, Section 8.1. This section of the Restatement places a greater emphasis on the equitableness of acceleration and foreclosure rather than the existence of an anti-waiver provision. In contrast, Ohio courts previously presented with factual situations similar to the case at bar have based their decisions mainly upon the existence of an anti-waiver provision without further analyzing the equitableness of the situation. See Ed Wolf, Triskett, and Gaul. In doing so, these courts have implicitly rejected the Restatement and its Comments.
 {¶ 39} If this court is now electing to adopt the Restatement and merely take the anti-waiver provision into account as one mere factor in determining whether foreclosure was equitable, then I would find that in light of the Wallings payment history, the decision of the trial court should be reversed. And in reversing based upon the Restatement, I would not follow the holdings of Ed Wolf, Triskett, and Gaul but would instead look to the illustrations provided in the Restatement which deal with patterns of past default. More specifically, I would apply Illustration 15, which is most analogous to this case, and conclude that the Bank waived its right to accelerate.
 {¶ 40} Strangely, both in their brief to the trial court and in their arguments made to this court, the Wallings have shockingly understated their case. In their brief, the Wallings cite to a mere four examples of instances of default in a seven year period. Although not readily apparent from looking at Plaintiffs' Exhibit B, upon closer examination of the Wallings past payment history, they were consistently in default since September of 1993. And before that, they made 12 late payments in the previous 24 months. Only by tracking the default month by month, would it be clear that the Wallings, even by making numerous payments as scheduled, were still not current on their loan.
 {¶ 41} Although there is an anti-waiver provision in the mortgage document, the Restatement states in its "Comments and Illustrations" section that, "[w]hile such a provision may, in close cases, tip the balance against a finding of waiver (see Illustration 14), it usually will not be dispositive on the waiver issue. For example, its effect will be negated where the pattern of accepting late payments is sufficiently continuous and prolonged to justify the conclusion that the mortgagee has abandoned or waived the protection of the provision. See Illustration 15."
 {¶ 42} Illustration 15 is as follows:
 {¶ 43} "15. Mortgagor delivers to Mortgagee a promissory note secured by a mortgage on Blackacre. The mortgage documents contain an acceleration provision. They also contain an anti-waiver provision identical to that in Illustration 14. The documents call for payment of monthly installments of principal and interest on the first day of each month. During the first 18 months after the loan is made, Mortgagor makes each monthly payment on the 14th or 15th day of the month. In the 19th month, Mortgagor fails to pay that month's installment when it is due. Mortgagee then accelerates the mortgage obligation. Mortgagor then tenders the past due installment. Mortgagee refuses the tender. The acceleration is ineffective and the default is cured."
 {¶ 44} The nature of the default in this case is even more prolonged than the one described in Illustration 15. Consequently, if I were to apply the Restatement to this case, I would have to say that the acceleration was ineffective.
 {¶ 45} Pursuant to the Restatement Comments, "under Subsection (d)(2), a court may relieve a mortgagor from the consequences of acceleration and permit reinstatement of the mortgage by payment of arrearages where it determines that the mortgagee waived its right to accelerate." Thus, I would reverse the decision of the trial court and find that since the acceleration was ineffective, the trial court abused its discretion in deciding that foreclosure was appropriate. This matter should be remanded to the trial court for further proceedings including the reinstatement of the mortgage.